[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on August 7, 1965 in Northford, Connecticut. There were three children issue of this marriage all of whom have reached the age of majority.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
In addition, the court has taken into consideration all of the factors set forth in 46b-81 and 46b-82 of the Connecticut General Statutes, and further orders as follows:
1. The plaintiff wife shall have the exclusive use and possession of the family home at 366 Sea Hill Road, North Branford, Connecticut, until the happening of the first of the following events:
(a) she shall remarry
 (b) she shall no longer occupy the premises as her principal place of residence;
(c) she desires to sell or purchase the premises:
(d) March 1, 1993.
Upon the happening of the first of the foregoing events, the premises shall be placed on the market for sale, or the plaintiff wife shall exercise her option as hereinafter provided. If the premises are to be sold, the parties shall fully cooperate with each other to effect such sale. If they are unable to agree on any aspect of such sale or the exercise of said option, they may return to this court and this court will enter appropriate orders.
If the premises are sold, the net proceeds of sale, which shall be the gross proceeds of sale less the balance due on the existing first mortgage, broker's commission, if any, and the customary and usual expenses of sale, shall be distributed 55% to the plaintiff wife and 45% to the defendant husband. If there should be any encumbrances placed on the premises after the date hereof, the same shall be paid out of the share of the CT Page 845 party incurring the same. Any balance due on the equity loan from Branford Savings Bank shall be paid by the defendant husband at the time of closing from his share of the net proceeds.
Until the sale of said premises or the exercise of the option, the plaintiff wife shall be responsible for the payment of the existing first mortgage, real estate taxes, homeowner's insurance and all ordinary repairs and maintenance, which shall be any item of repair or maintenance, the total cost of which shall not exceed $200. Any other item of repair or maintenance, the total cost of which exceeds $200, shall be paid as follows: the first $200 shall be paid by the plaintiff wife and the balance shall be paid 55% by the plaintiff wife and 45% by the defendant husband. Except in the case of an emergency, no such repair or maintenance expense for which the defendant husband shall be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. Until the sale of said premises or the exercise of the option, the defendant husband shall be responsible for all payments due on the aforesaid equity loan.
If, in lieu of a sale of said premises, the plaintiff wife desires to purchase the defendant husband's interest, she shall have the option to do so by paying to him a sum equal to 45% of the following: the then fair market value, less: (1) 7% for estimated broker's commission and closing costs and (2) the balance then due on the existing first mortgage. From this sum payable to the defendant husband he shall immediately pay off the aforesaid equity loan and cause to be delivered to the plaintiff wife a release thereof. If the parties are unable to agree on the fair market value they shall each select a qualified real estate appraiser and -the average of the two appraisals shall be deemed to be the fair market value.
2. The parties have agreed to a division of their personal property, which agreement was placed on the record on August 13, 1990. The agreement is approved and it is so ordered. Except as to those items referred to in said agreement all personal property currently in the possession of each party, shall remain their sole and exclusive property.
3. The defendant husband shall pay to the plaintiff wife as periodic alimony the sum of $125.00 per week until the death of the defendant husband, or the death or remarriage of the plaintiff wife, whichever event shall first occur. Payment shall be by way of an immediate wage withholding.
4. So long as the defendant husband has any obligation to pay periodic alimony under the terms hereof he shall maintain CT Page 846 insurance on his life in the face amount of not less than $75,000 and shall name the plaintiff wife as beneficiary thereof.
5. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on August 3, 1990 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
6. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on August 3, 1990 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
7. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE